Chief Justice MARTIN dissenting.
The plain language of our state constitution and an analysis of that language in light of the delegation doctrine both point to a particular result in this case. But they both point to the opposite of the result that the majority reaches. As a result, I respectfully dissent.[1]
Article IX, Section 5 of the North Carolina Constitution says:
The State Board of Education shall supervise and administer the free public school system and the educational funds provided for its support, except the funds mentioned in Section 7 of this Article, and shall make all needed rules **167 and regulations in relation thereto, subject to laws enacted by the General Assembly .
*66 (Emphasis added.) The issue here, in a nutshell, is whether the italicized language allows the General Assembly to subject the Board of Education's proposed rules and regulations to review and approval by the Rules Review Commission.
The plain language of Article IX, Section 5 gives us an answer, but not the one that the majority provides. The words "subject to" tell us that the phrase that comes after those words will specify something that can restrict the Board of Education's constitutional authority to make rules and regulations. Because only the "subject to" clause qualifies the Board's authority, only that thing-outside of the constitution itself-can restrict the Board's authority. That thing is "laws enacted by the General Assembly." N.C. Const. art. IX, § 5. And a "law[ ] enacted by the General Assembly" must go through the bicameral legislative approval process and be presented to the Governor. Id. art. II, § 22. If the Governor vetoes a bill that has been presented to him, the General Assembly has to override that veto for the bill to become a law. Id. But a determination by the Rules Review Commission-which does not go through this enactment process-is not a law. It follows from this, as sure as spring follows winter, that the phrase "subject to laws enacted by the General Assembly" does not mean-and cannot mean-"subject to determinations by the Rules Review Commission."
The majority, however, does not merely disagree with this conclusion. The majority does not say, for instance, that the pertinent language is ambiguous and that our Court must therefore seek guidance outside of the constitutional text. Instead, it says that the plain language of Article IX, Section 5 affirmatively permits the Rules Review Commission to exert control over the Board of Education's power to make rules and regulations. I, for one, cannot see how this construction is even plausible. Remember, for a legal provision to have a plain-language meaning, its text must be so clear and unambiguous that it cannot be read any other way. See, e.g. , Lanvale Props., LLC v. County of Cabarrus , 366 N.C. 142, 154, 731 S.E.2d 800, 809-10 (2012). So the majority's plain-language argument would be right only if Article IX, Section 5 said something like "subject to laws enacted by the General Assembly or to a body created by laws enacted by the General Assembly ." Alas, it does not. In essence, the majority is adding words to the constitution in the guise of interpreting it, and is violating a canon of construction so basic that it doesn't even have a name: the "don't add twelve words to a legal text"
**168 canon. If this is a plain-language interpretation, then the phrase "plain language" no longer has any meaning in our jurisprudence.
The majority also holds that "[t]he General Assembly properly delegated authority to the Commission to review the Board's rules." But this is not a delegation case because it does not concern our state constitution's delegation provision . The delegation doctrine, after all, arises out of Article II, Section 1, which states that "[t]he legislative power of the State shall be vested in the General Assembly." See, e.g. , Northampton County Drainage Dist. No. One v. Bailey , 326 N.C. 742, 747-48, 392 S.E.2d 352, 356 (1990) (alteration in original) (quoting N.C. Const. art. II, § 1 ). Our caselaw interpreting this provision undoubtedly indicates that, as a practical matter, "[t]he legislative power of the State" includes the power to delegate rulemaking and regulatory authority to administrative bodies. See, e.g. , Adams v. N.C. Dep't of Nat. & Econ. Res. , 295 N.C. 683, 696-97, 249 S.E.2d 402, 410-11 (1978). This case, though, arises out of the much more specific language of Article IX, Section 5-which, as I have said, speaks of "laws enacted by the General Assembly." And we have never held that the General Assembly can delegate the power to enact laws . In fact, "[i]t is well settled that the Legislature may not delegate its power to make laws[,] even to an administrative agency." Bulova Watch Co. v. Brand Distribs. of N. Wilkesboro, Inc. , 285 N.C. 467, 475, 206 S.E.2d 141, 147 (1974) (emphasis added); see also Adams , 295 N.C. at 696, 249 S.E.2d at 410 ("[T]he legislature may not abdicate its power to make laws...." (quoting N.C. Tpk. Auth. v. Pine Island, Inc. , 265 N.C. 109, 114, 143 S.E.2d 319, 323 (1965) ) ). Well settled, that is, until today. What's next? Are we going to hand over our power *67 to decide cases to the Rules Review Commission, too?
But there is another, equally compelling reason that the delegation doctrine cannot permit the Rules Review Commission to exert the power that it claims to have in this context. Bear in mind that the delegation doctrine, as relevant here, pertains to the General Assembly's ability to delegate the power to make rules and regulations . In the realm of education, Article IX, Section 5 has already assigned that power exclusively to the Board of Education. See N.C. Const. art. IX, § 5 ("The State Board of Education shall supervise and administer the free public school system and the educational funds provided for its support, except the funds mentioned in Section 7 of this Article, and shall make all needed rules and regulations in relation thereto...." (emphasis added) ). So what exactly is left for the General Assembly to delegate?
This analysis reveals an additional problem with the majority's position. When the Rules Review Commission reviews the Board **169 of Education's proposed rules and regulations, the Commission is exercising power that the constitution has already granted to the Board. Let's look at the Commission's statutory powers. The Commission can object to rules or regulations, delay rules or regulations, and suggest changes to rules or regulations on a number of highly discretionary grounds. See N.C.G.S. §§ 150B-2(8a), -21.9(a)(1)-(4), -21.10 (2017). Ultimately, the Commission can decide to block the Board of Education's adoption of a rule or regulation unless and until the Board changes the rule or regulation to conform to the Commission's wishes. See id. §§ 150B-21.12, -21.19(4) (2017). The Board's only recourse, if it does not change the rule or regulation, is to bring a declaratory judgment action in superior court. See id. § 150B-21.8(d) (2017). In effect, then, the Commission controls the final step in the process of adopting rules and regulations, and keeps the Board from adopting rules and regulations of which the Commission disapproves unless the Board gets a favorable ruling from a court. That cannot be constitutional, given that the Board has the sole constitutional authority to make rules and regulations in this area of the law, subject only to "laws enacted by the General Assembly." N.C. Const. art. IX, § 5.
The majority rests its holding on the assertion that "[t]he Commission is tasked only with the responsibility to review the Board's rules from a procedural perspective" and is not "tasked with reviewing the rules from a substantive standpoint." But the plain language of Article IX, Section 5, which subjects the Board's power to make rules and regulations only to "laws enacted by the General Assembly," does not draw any distinction between procedural and substantive restrictions on the Board's power. Once again, the majority is simply adding words to the constitution that are not there.
Anyway, checking for compliance with procedural requirements is inherently part of the process of making rules and regulations. And, in the education context, the General Assembly cannot delegate procedural rulemaking authority any more than it can delegate substantive rulemaking authority. So even procedural rulemaking authority cannot be delegated to the Rules Review Commission.
Not every constitutional provision has a plain meaning. But Article IX, Section 5 does. It prevents the Rules Review Commission from conducting its statutorily prescribed review of the Board of Education's proposed rules and regulations. I therefore respectfully dissent.
Justice HUDSON joins in this dissenting opinion.

The Superintendent of Public Instruction serves as the Secretary and Chief Administrative Officer of the Board of Education. N.C. Const. art. IX, § 4 (2). This case does not concern the respective duties of the Superintendent and the Board under our state constitution, and nothing in this dissent should be construed to express any opinion on the merits of North Carolina State Board of Education v. State of North Carolina, et al. , Case No. 333PA17.